Musya **KOROTKOVA**, Plaintiff,

v.

**UNITED STATES of America,
Defendant.**

No. 12 CV 2436 SJ.

United States District Court,
E.D. New York.

July 7, 2014.

Law Offices of William Pager, Brooklyn, By: William Pager, for Plaintiffs.

United States Attorney's Office, Brooklyn, By: Orelia E. Merchant, for Defendant United States of America.

## MEMORANDUM AND ORDER

JOHNSON, Senior District Judge:

Plaintiff Musya Korotkova ("Plaintiff") brings this action against Defendant United States of America ("United States") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80, and the Eighth Amendment to the United States Constitution. In short, in this slip-and-fall case, the plaintiff alleges she slipped and fell on the ice, while skating recreationally at an ice rink, and that the United States

is liable for unspecified injuries. The ice rink at issue is the Aviator Sports and Public Recreation Area, which sits in a national park but is run by the Aviator Development Company, LLC, an independent contractor.

Presently before this Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), brought by Defendant United States. For the reasons stated herein, the Motion is GRANTED and the case DISMISSED.

## FACTUAL BACKGROUND

According to Plaintiffs Complaint, Plaintiff Musya Korotkova was injured on January 6, 2012 when she fell while ice skating recreationally at an ice rink located in the Aviator Sports and Public Recreation Area. (See Complaint at ¶¶ 5–6.) In fact, and unstated in the Complaint, the Aviator Facility is at the Floyd Bennett Field in Gateway National Recreation Area, which is part of the United States National Park System. (Declaration of John Finley at ¶¶ 2–3; Pl. Mem. Law Opp. Mot. Dismiss, 12–CV–2436, Docket No. 12, at 3.) As a result of this fall on the ice while skating, the Complaint alleges that Plaintiff has suffered and will suffer "injuries to her entire body, as well as the right shoulder, arm, and wrist," "the full extent of which is not known." (See Complaint at ¶ 10.) It appears there was no accident report or any involvement by medical or security personnel at the time of the incident.

The first report of the alleged incident to any party that Plaintiff acknowledges is the filing of an administrative claim with the Department of the Interior two months later, on March 5, 2012. (See Complaint at ¶ 5) Plaintiff claims the Department of the Interior failed to timely

adjudicate this claim. (*Id.*) The remainder of the Complaint is composed, exclusively, of unspecified and conclusory allegations about Defendant's duty of care and Plaintiff's injury (*See* Complaint at ¶¶ 8–9, 11–12)

## DISCUSSION

### A. Subject Matter Jurisdiction

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of a claim when the federal court "lacks jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). In considering a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must assume as true factual allegations in the complaint. *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir.1998) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). The Plaintiff must then prove the Court's jurisdiction by a preponderance of the evidence. *Id.* A court may consider affidavits and other material beyond the pleadings to resolve jurisdictional questions under Rule 12(b)(1). *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n. 6 (2d Cir.2001); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000).

### 1. Liability for Actions of Independent Contractors Under the FTCA

■ Under the FTCA, the United States has waived its sovereign immunity for suits arising from any injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1). However, 28 U.S.C. § 2671 clarifies that the term "employee" specifically excludes "any contractor with the United States." Therefore, the United States cannot be held liable under the FTCA for the actions or negligence of independent contractors.

*See United States v. Orleans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); *Logue v. United States*, 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973).

■ Moreover, the United States cannot be held liable for the selection and supervision of independent contractors, because the selection and supervision of contractors is a discretionary function, *Carter v. United States*, 1998 WL 744009, *4 (S.D.N.Y. Oct. 26, 1998) (citing *United States v. Varig Airlines*, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984)), and the FTCA does not permit "claim[s] based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty ... whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

■ Distinguishing a federal employee from an independent contractor is a matter of federal law. *See Fraser v. United States*, 490 F.Supp.2d 302 (E.D.N.Y. 2007). "The critical factor in distinguishing an employee of the government from an independent contractor is whether the government retained the authority to control the detailed physical performance of the work or whether the worker's day-to-day operations in fact were supervised by the federal government." *Abrams–Fogliani v. United States*, 952 F.Supp. 143, 145 (E.D.N.Y.1996); *Fraser*, 490 F.Supp.2d at 310. The hallmark of an independent contractor is that the United States does not direct and "control the detailed physical performance of the contractor." *See Logue v. United States*, 412 U.S. 521, 528, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973). Plaintiff does not dispute the law regarding the United States' liability for the selection or supervision of independent contractors, or for the actions or negligence of independent contractors. However, Plaintiff asserts further discovery is warranted in order to determine whether Aviator was

indeed an independent contractor, rather than an employee. (Pl. Mem. Law at 9.)

■■■ "Whether an entity is classified as a federal employee or an independent contractor is a matter of law ... not a question of fact[.]" *Carter,* 1998 WL 744009, at *4. The question is appropriately resolved by looking at the language of the contract between the Government and the contracting entity, in order to determine whether the contract provides for detailed day-to-day supervision of the contractor's physical performance, or rather grants the contractor autonomy in the performance of his work. *See Hentnik v. United States,* 2003 WL 22928648, at *4 (S.D.N.Y. Dec. 10, 2003); *Carter,* 1998 WL 744009, at *4. "The Government is immune to liability even where it retains the right to inspect a contractor's work or its compliance with regulations." *Fraser,* 490 F.Supp.2d at 311.

### 2. *Aviator is Clearly an Independent Contractor*

■ In the present case, Defendants have provided the twenty-year contract between the United States of America and the Aviator Development Company, LLC, which was executed April 10, 2003, and its addendum, the Operating Plan between the parties which was last updated on August 9, 2011 and in place at the time of the incident alleged in the Complaint. (Def. Mot. Dismiss, Decl. of John Finley, at Exhibit A, Contract Number CC–GATE015–03 §§ ) ("Contract"). Under the Contract, Aviator was "required to operate a family-oriented sports center, on a year-round basis to include: Ice sports as the core activity and anchor for the sports center with support activities and services..." (*See* Contract at § 3(a)(1).) In accordance with the Contract, Aviator was to "provide, operate, and maintain the required and authorized visitor services and any related support facilities..." (*See*

Contract at § 3(b).) Aviator had to "provide the plant, personnel, equipment, goods, and commodities necessary for providing, operating and maintaining the required and authorized visitor services...." (*See id.*)

Under the Operating Plan, Aviator is "responsible for visitor services, facility development and maintenance, administration and other functions...." (Contract Operating Plan § II(A).) Aviator was to fill key positions, including lead managers, additional managers and supervisors, and security specialists. (Contract Operating Plan § II(A)(1–3).) Aviator had to "submit a written Security Plan...updated and reviewed on an annual basis [which would] address year-round operations ...." (Contract, Operating Plan § XI(B).) In addition, Aviator was responsible for "address[ing] all aspects of personal safety and protection of property..." (Contract, Operating Plan § XI(C).) Under the Contract, Aviator was required to ensure "facilities will be patrolled 7 days per week and 24 hours per day either by [Aviator] employees or by bonded guard service." (Contract, Operating Plan § XI(C)(2).) The United States Park Police was to report problems to Aviator, not to any United States entity or employee. (Contract, Operating Plan § XI(C)(3).)

In addition, the Court has reviewed the deposition of John Finley, submitted by Plaintiff from an earlier, factually identical case to support the proposition that federal employees were heavily involved in day-to-day management at the site and finds it unavailing on that point particularly. (*See* Defs.' Opp. to Mot. Dismiss at Ex. B, Deposition of John Finley in *Svetnikova v. United States of America,* 10–CV–03457 (E.D.N.Y.).)

In the context of other recent lawsuits, judges in the Eastern District of New York have had occasion to consider the liability of Aviator, the statements and tes-

timony of John Finley, Business Management Specialist with the United States Department of the Interior, the location referenced in this case, and the same or similar contracts, under the FTCA (and prosecuted by the same plaintiffs' counsel). *See Varshavskiy, et al v. United States of America*, 12–CV–1944, 2013 WL 5447875 (E.D.N.Y. September 30, 2013) (case dismissed for lack of subject matter jurisdiction); *and Yesina v. United States of America*, 911 F.Supp.2d 217 (E.D.N.Y. 2012) (motion to dismiss granted for lack of jurisdiction). In each case, employing persuasive reasoning, the court found that Aviator was an independent contractor and that the FTCA deprived the court of jurisdiction. *See Yesina*, 911 F.Supp.2d at 221; *Varshavskiy*, 2013 WL 5447875, at *6. In both cases, it was found that "Finley's testimony does not evoke detailed, day-to-day involvement," but "generally states that which the Contract already makes clear: the Park Service is involved in supervising Aviator's performance of the Contract and inspects the facilities ... periodically." *See Yesina*, 911 F.Supp.2d at 221–22; *see also Varshavskiy*, 2013 WL 5447875, at *1, n. 2. As stated above, with respect to this case, this Court agrees.

In this case, as in *Yesina* and *Varshavskiy*, Aviator agreed to manage all aspects of daily maintenance and operation. Aviator was responsible for monitoring and safety, for provision of goods and services, and for hiring and training relevant personnel. The role of the United States Park Service was limited to periodic inspection and other oversight activities to ensure compliance with the Contract. It cannot be said, as Plaintiff suggests, that Defendant United States retains day-to-day operational control with Aviator as its agent, despite the presence and the role of its independent contractor.

It is evident from the claims, and from the evidence presented in depositions and affidavits, that the contractor assumed responsibility for day-to-day operations, without detailed supervision of its performance by the United States, and that it therefore cannot be classified as an "employee" for purposes of the FTCA. Plaintiff's claim must therefore be dismissed.[1]

## B. Failure to State a Claim

Even if there were jurisdiction, and with respect to Plaintiff's Eighth Amendment claims, Plaintiff has failed to state any claim upon which relief may be granted in conclusory pleadings nearly devoid of any factual allegations whatsoever. To survive a Rule 12(b)(6) motion to dismiss, the Complaint "does not need detailed factual allegations" but must "provide the grounds of ... entitlement to relief" with "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555,

---

1. Defendant United States of America alleges Plaintiff has failed to exhaust her administrative remedies prior to filing suit and that this Court is deprived of jurisdiction in this matter on those grounds as well. Plaintiff claims she did exhaust administrative remedies, citing exhibits that do not appear on the docket or in the court file. Since Plaintiff's claims fail on jurisdictional grounds under the FTCA regardless, this Court will not rule on the issue of administrative remedies. Nevertheless, Plaintiff is warned that filing frivolous litigation, including failing repeatedly to exhaust administrative remedies, is sanctionable, *see infra*. In *McNeil v. United States*, 508 U.S.

106, 112–13, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993), the United States Supreme Court, using the strongest statutory language, held that FTCA actions "shall not be instituted" in advance of exhaustion of remedies. "Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions.... The interest in orderly administration of this body of litigation is best served by adherence to the straight-forward statutory command." *McNeil*, 508 U.S. at 112, 113 S.Ct. 1980. This Court echoes that advice and admonishment here.

127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). The grounds for relief must be plausible. *See* 550 U.S. at 556, 127 S.Ct. 1955. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*); *see also Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 ("Factual allegations must be enough to raise a right to relief above the speculative level.") (citation omitted). Bald assertions are insufficient to state a claim under this standard. *See* 556 U.S. at 678, 129 S.Ct. 1937 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," including those "couched as factual allegation[s].")

■ Plaintiff claims her rights were violated under the Eighth Amendment to the United States Constitution. (*See* Complaint at ¶ 9.) The Eighth Amendment provides that "cruel and unusual punishments [shall not be] inflicted," U.S. Const. Amend. VIII. "[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (citations omitted).

■ The Eighth Amendment "is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law." *Smith v. Carpenter,* 316 F.3d 178, 184 (2d Cir.2003). It strains the imagination to consider a scenario where a voluntary visit to a recreational ice skating facility could rise to the level of an Eighth Amendment claim, and the Plaintiff has offered no spe-

cific factual allegations whatsoever to aid the Court in this exercise. In addition, even in prisons—where the conditions of confinement are not voluntary or recreational, as in this case—courts have found that "slip-and-fall plaintiffs" do not state a cognizable claim under the Eighth Amendment. *See e.g., Sylla v. City of New York,* No. 04–CV–5692, 2005 WL 3336460, at *4 (E.D.N.Y.2005) ("slip-and-fall allegations do not meet either the objective or subjective standards defining an Eighth Amendment violation"); *Alsaifullah v. Furco,* No. 12–CV–2907, 2013 WL 3972514, at *14 (S.D.N.Y.2013) (shoulder injury in slip-and-fall resulting from failure to install handrails not cognizable under Eighth Amendment); *Shariff v. Coombe,* 655 F.Supp.2d 274, 300–01 (S.D.N.Y.2009) (wheelchair-dependent inmates fail to state Eighth Amendment claim for failure to fix potholes and broken concrete in prison yard). This Court is not convinced that recreational ice skating, followed by a fall and a subsequent and unspecified injury, could form a cognizable Eighth Amendment claim, nor has it been pled by Plaintiff in even the most cursory of fashions. These claims are therefore DISMISSED.

## C. Frivolous and Vexatious Litigation and Other Sanctionable Conduct

The Complaint in this case appears to involve an allegation that Plaintiff—ice-skating recreationally on an ice rink—fell on the ice and hurt her shoulder. No facts are offered as to the nature or extent of the injury. Nor did counsel plead facts concerning the circumstances surrounding the occurrence of the injury. In fact, the complaint in this case is woefully deficient of factual allegations other than the date and location of the incident. Beyond that, counsel relies on conclusory language to allege negligence by the government and serious injury to the Plaintiff.

This Court is aware of other cases filed by Plaintiff's counsel in this courthouse

alone that have identical jurisdictional defects and similarly unpled claims. *See Varshavskiy et al. v. United States of America*, 12–CV–1944, Docket No. 1 (E.D.N.Y. October, 1, 2013) (dismissed for lack of subject matter jurisdiction); *Yesina v. United States of America*, 911 F.Supp.2d 217 (E.D.N.Y.2012)(motion to dismiss granted for lack of jurisdiction); *Svetnikova v. United States of America*, 10–CV–03457, Docket No. 1 (E.D.N.Y. August 4, 2011). These cases proceeded against the United States and were with respect to the same national park referenced in this case. *Id.* It has not escaped this Court's notice that the complaints filed in each case are strikingly similar, lacking in factual allegations, and presenting identical issues to various jurists in this courthouse.

With the issuance of this opinion, Plaintiff's counsel now has at least three separate, written judicial opinions from the United States District Court for the Eastern District setting forth the basis for dismissal of these substantially similar claims on jurisdictional and other grounds. Enough is enough. Irrespective of whether Plaintiffs counsel is engaged in forum-shopping and filing frivolous and duplicative claims, or whether there is some reasonable explanation for this conduct, counsel is on notice that filing frivolous, vexatious, harassing, or duplicative claims constitutes sanctionable conduct, subject to disciplinary action under the Federal Rules, *see* F.R.C.P. Rule 11, federal statutes, *see* 28 U.S.C. § 1927(a), our local civil rules, *see* the Local Rules of the U.S. District Court for the Southern and Eastern Districts of N.Y., Rule 1.5 (discipline of attorneys); and the New York State Bar, *see* N.Y.S. Rules of Prof'l Conduct. Counsel would do well to refresh his recollection of these rules and to consider whether his actions might constitute an abuse of access to this court and a troubling disregard for waste of judicial resources and taxpayer dollars.

We are fortunate to live in a country with a strong rule of law and effective legal institutions. Easy access to the courts is the hallmark of this. Being forced into a position where this Court must contemplate whether counsel shares my own deep respect for the rights and the procedural justice our country has fought long and hard for, before and since its inception, is a disappointing exercise for a jurist sitting on the federal bench for over twenty years.

### CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss is GRANTED and the case is DISMISSED. The Clerk of Court is directed to enter a final judgment of dismissal.

SO ORDERED.